**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

**MAY 29 2003**

**PATRICK FISHER**
**Clerk**

ELMER MARSH,

      Petitioner - Appellant,

v.

BRENT CROUSE; ATTORNEY
GENERAL OF THE STATE OF
COLORADO,

      Respondents - Appellees.

No. 02-1442
(D.C. No. 01-N-1487(CBS))
(D. Colorado)

**ORDER AND JUDGMENT**[*]

Before **SEYMOUR**, **MURPHY**, and **O'BRIEN**, Circuit Judges.

After examining the briefs and appellate record, this panel has determined unanimously that oral argument would not materially assist the determination of this appeal. *See* Fed. R. App. P. 34(a)(2); 10th Cir. R. 34.1(G). The case is therefore ordered submitted without oral argument.

---

[*]This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

This case is before the court on Elmer Marsh's *pro se* requests for a certificate of appealability ("COA") and to proceed on appeal *in forma pauperis*. Marsh seeks a COA so that he can appeal the district court's dismissal with prejudice of his 28 U.S.C. § 2254 habeas corpus petition. *See* 28 U.S.C. § 2253(c)(1)(A) (providing that no appeal can be taken from a final order denying a § 2254 petition unless the petitioner first obtains a COA). We **grant** Marsh's request to proceed on appeal *in forma pauperis*. Because Marsh has not "made a substantial showing of the denial of a constitutional right," however, this court **denies** his request for a COA and **dismisses** this appeal. *Id.* § 2253(c)(2).

Marsh was convicted in Colorado state court of first degree sexual assault and second degree kidnaping. He was sentenced to terms of imprisonment of twenty-two years for sexual assault and twenty years for kidnaping; the sentences were ordered to run consecutively. After exhausting his state court remedies, Marsh filed the instant § 2254 petition raising the following two claims: (1) the instruction given the jury on kidnaping omitted an essential element, thereby causing a structural error in the proceedings; and (2) trial counsel's failure to object to the instruction and to provide a legally sufficient instruction constituted ineffective assistance of counsel. Marsh's petition was referred to a magistrate judge for initial proceeding pursuant to 28 U.S.C. § 636(b)(1)(B). Applying the deferential review standards set out in 28 U.S.C. § 2254(d), the magistrate judge

concluded that the direct appeal decision of the Colorado Court of Appeals ("CCA") rejecting Marsh's claims of error on the merits was not contrary to or an unreasonable application of clearly established Supreme Court precedent. In particular, the magistrate judge concluded the CCA properly relied on *Neder v. United States*, 527 U.S. 1, 8-15 (1999), to conclude that the omission of an element from the jury instructions is subject to review for harmlessness and that the omission of the asportation-substantially-increased-the-risk-of-harm element was harmless in light of the uncontested evidence presented at trial. The magistrate judge further determined the CCA properly concluded that Marsh's ineffective assistance of counsel claim failed for the same reason. Upon *de novo* review, the district court adopted the magistrate judge's report and recommendation and dismissed Marsh's § 2254 petition with prejudice.

To be entitled to a COA, Marsh must make "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). To make the requisite showing, he must demonstrate "that reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were adequate to deserve encouragement to proceed further." *Miller-El v. Cockrell*, 123 S. Ct. 1029, 1039 (2003) (quotations omitted). In deciding whether Marsh has carried his burden, this court undertakes "a preliminary, though not definitive, consideration of the [legal] framework"

applicable to each of his claims. *Id.* at 1040. Although Marsh need not demonstrate his appeal will succeed to be entitled to a COA, he must "prove something more than the absence of frivolity or the existence of mere good faith." *Id.*

Having undertaken a review of Marsh's application for a COA, the parties' appellate briefs, the magistrate judge's thorough report and recommendation, the district court order, and the entire record on appeal pursuant to the framework set out by the Supreme Court in *Miller-El*, this court concludes that Marsh is not entitled to a COA. The district court's resolution of Marsh's claims is not reasonably subject to debate and the claims are not adequate to deserve further proceedings. Accordingly, this court **DENIES** his request for a COA and **DISMISSES** this appeal.

ENTERED FOR THE COURT


Michael R. Murphy
Circuit Judge

-4-